IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Donald A. Smith (#2012-1212065), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 5034 |
| | ) | |
| v. | ) | |
| | ) | Judge Amy St. Eve |
| Tom Dart, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Defendant's uncontested motion to dismiss the complaint for failure to state a claim [#12] is granted. The complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 8 and 12(b)(6). Plaintiff is granted until January 3, 2014 to submit an amended complaint curing pleading deficiencies. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. Failure to submit an amended complaint (and judge's copy) by January 3, 2014 will result in summary dismissal of this case in its entirety.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials, have violated Plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement. This matter is before the Court for ruling on Sheriff Thomas Dart's motion to dismiss the complaint for failure to state a claim. Although granted the opportunity to file an opposing brief, *see* briefing schedule entered October 1, 2013, Plaintiff has not responded to the motion. For the reasons stated in this order, the uncontested motion is granted.

### Standards on a Motion to Dismiss

It is well established that courts liberally construe *pro se* complaints. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). The courts hold *pro se* submissions to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to Plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court").

## Facts

Plaintiff alleges the following facts, assumed true for purposes of the motion to dismiss: Plaintiff is a pretrial detainee at the Cook County Jail. Plaintiff is assigned to the jail's Division 5, a special unit that houses and provides jobs for inmates who are U.S. military veterans. Inmates' breakfasts typically consist of milk, cereal, and Kool-Aid. Lunches are often no more than peanut butter sandwiches, cookies, and Kool-Aid; the food is sometimes contaminated by bugs. The water is "filthy." The jail is infested with mice and cockroaches. There are no mirrors for shaving, and there is no outside recreation.[1]

## Analysis

Even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to give Defendants sufficient notice of the claims against them. Plaintiff must elaborate on his claims; the facts alleged are inadequate to satisfy even basic pleading requirements.

Certainly, incarcerated persons are entitled to confinement under humane conditions that satisfy "basic human needs." *Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 664 (7th Cir. 2012) (citations omitted). The jail must house Plaintiff under "humane conditions." *Sain v. Budz*, No. 05 C 6394, 2006 WL 539351, *2 (N.D. Ill. Mar. 3, 2006) (Conlon, J.) (citing *Farmer*

---

[1] By Order of July 18, 2013, the Court summarily dismissed on preliminary review Plaintiff's additional claims relating to his work environment and salary.

*v. Brennan*, 511 U.S. 825, 832 (1994)); *see also Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999).

There is no question that inmates have a constitutional right to an adequate diet. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). "The State must provide an inmate with a 'healthy, habitable environment.' This includes providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citations omitted).

However, the Constitution provides only that inmates receive adequate nutrition. Food that is monotonous, unpalatable, non-tasty, or not aesthetically pleasing does not violate an inmate's civil rights. *McGee v. Monahan*, No. 06 C 3538, 2008 WL 3849917, *8 (N.D. Ill. Aug. 14, 2008) (Zagel, J.) (citations omitted). "The Constitution does not require prison officials to provide the equivalent of hotel accommodations." *United States v. Weathington*, 507 F.3d 1068, 1073 (7th Cir. 2007) (quoting *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994)).

The occasional discovery of a contaminant is insufficient to establish a Fourteenth Amendment violation. *See, e.g., Lieberman v. Budz*, No. 00 C 5662, 2010 WL 369614, *7 (N.D. Ill. Jan. 28, 2010) (Coar, J.), *Barbosa v. McCann*, No. 08 C 5012, 2009 WL 2913488, *3 (N.D. Ill. Sep. 8, 2009) (Pallmeyer, J.); *Knox v. Wainscott*, No. 03 C 1429, 2003 WL 21148973, *8 (N.D. Ill. May 14, 2003) (Manning, J.) (citations omitted). "Even a dead mouse in an inmate's meal is only a minimal deprivation without a showing of injury." *McRoy v. Sheahan*, No. 03 C 4718, 2004 WL 1375527, *3 (N.D. Ill. Jun. 17, 2004) (Brown, Mag. J.) (citing *Miles v. Konvalenka*, 791 F. Supp. 212, 214 (1992) (Norgle, J.)). In a large-scale food operation such as a jail dietary, "oversights such as the presence of crusted food or cigarette ashes on dining room fixtures and utensils on occasion, or even 'foreign objects' in the food can be expected." *Hadley v. Dobucki*, 1995 WL 364225, *3 (7th Cir. May 1, 1995) (unpublished); *see also Franklin v. True*, 76 F.3d 381, *2 (7th Cir. 1996) (citations omitted) (one incident of food poisoning not enough to implicate the Civil Rights Act). Although it is most regrettable that Plaintiff has found insects in his food, he cannot recover damages under 42 U.S.C. § 1983 for an occasional issue. The complaint on file does not suggest that meals served at the jail are nutritionally inadequate or present a substantial danger of harm.

Plaintiff must likewise provide further details concerning his claim that the water is "filthy." Just as correctional officials cannot withhold food, they cannot deprive inmates of drinkable water. *See, e.g., Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) (collecting cases). But Plaintiff provides no facts from which one could infer that the jail's water is unsafe to drink.

Similarly, the complaint states that there are mice and cockroaches, but he offers no basis for concluding that the degree of infestation is such as to create a constitutional claim. *Contrast Antonelli v. Sheahan* 81 F.3d 1422, 1431 (7th Cir. 1996) (allegation of sixteen months of infestation and significant physical harm was actionable under 42 U.S.C. § 1983).

With regard to the purported denial of outdoor recreation, "lack of exercise may rise to a constitutional violation [only] in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997)

(citations omitted). There is a significant difference between a lack of outdoor recreation and an inability to exercise. Even an inmate confined on lockdown retains the ability to improvise an exercise regimen in his cell.

Finally, the amended complaint must include dates. In order to satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff must "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). Courts have held that "[t]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards." *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months"); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("While no single factor controls the outcome of these cases, the length of exposure to the conditions is often of prime importance"). Plaintiff must provide a time frame for the conditions about which he complains.

In short, while the Due Process Clause prohibits conditions that amount to "punishment" of a pretrial detainee, *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Lewis v. Downey*, 581 F.3d 467, 473 (7th Cir. 2009), punishment in the constitutional sense requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Granville v. Dart*, No. 09 C 2070, 2011 WL 892751, *5 (N.D. Ill. Mar. 11, 2011) (Leinenweber, J.). Punishment generally requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Johnson v. Bryant*, No. 11 C 5785, 2011 WL 5118415, *2 (N.D. Ill. Oct. 26, 2011) (Holderman, J.). In the absence of any such allegations, the complaint fails to state a cognizable claim. Plaintiff has failed to state facts indicating that his living conditions, either alone or in their totality, rise to the level of constitutional concern.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and the judge's copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply by January 3, 2014, the case will be summarily dismissed in its entirety.

**Dated:** December 3, 2013          **ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**